May it please the Court, Charles Bonneau appearing for Appellant and Petitioner Romel White. Your Honors, what we seek today is tolling of the Federal Statute of Limitations, which, if granted, would permit this petition to proceed on its merits. It would be deemed timely if we are granted either statutory or equitable tolling. First of all, we feel that we are entitled to statutory tolling because California does not have a time limit for filing non-capital habeas corpus petitions. But the State Court ultimately determined that the State petition was too late, correct? Yes. And under Pace, what more is there for us to consider in terms of whether it was properly filed? Pace dealt with conditions for filing, which include lack of a verification on the petition, the fact that the defendant may have escaped and is out of custody, and also State statutes of limitations. That's Pace. Pace doesn't include a timeliness rule that has no time limit. And that's what we have here in California. We shouldn't be denied statutory tolling based on a State rule which does not have a time limit in it. By saying that, I am urging the Court to contradict Bonner v. Carey. And you know we don't have the authority to do that. We're just three people, judges from the Ninth Circuit, not in a bank panel. So I take your argument on Bonner, but I don't think it's productive to argue it because we can't change it. Okay. We did have one suggestion, which is that it departs from other prior Ninth Circuit opinions, and that that puts the Court in a position of having to do that. Well, the only thing that we could do would be to suggest a non-bank hearing. If we have cases that contradict each other flatly, we still can't overrule anything. As I read your brief, you don't dispute that Bonner controls if Bonner is to stay. That's right. And as a three-judge panel can't do anything except follow precedent. You're just getting in line for an in-bank petition, I guess. That's part of what we're doing in respect to statutory tolling. Now, we also feel that this is an appropriate posture for equitable tolling. This was addressed by the district court, and we'd ask the court to overrule the district court finding. You also don't have a COA for that, do you? We – I read the court's COA as embracing – well, let me read it. Whether California's untimeliness bar, as articulated in Robbins, is an inadequate state bar under the doctrine of procedural default and accordingly cannot bar review of appellant's federal habeas petition under the AEDPA statute of limitations, whether California's timeliness or untimeliness bar is adequate under the AEDPA statute of limitations seems to me to embrace the question of whether there's statutory tolling, which the state does address, or whether there's equitable tolling, which we think is also embraced within the COA. I felt in reading the COA order that – in reading the citations that there were several ways to read it, but that it was – if you look at the citations, that it's a broad order and that it embraces – it asks whether the AEDPA statute of limitations applies, and that includes the question of equitable tolling. What is the ground for your equitable tolling argument on the merits? The ground for equitable tolling is that the first that we knew that we had a statute of limitations problem was on January 6, 2006, when the state superior court entered its ruling. At that point, we had five days until the federal statute of limitations ran out. Also at that point in time, Bonner v. Cary had been decided, but it was still pending on bonk review. In fact, it had been pending for months and was not finally denied until March. And in terms of equitable tolling, we should be allowed to at least know what the final rule is and whether this is going to be taken up. But at that point, weren't you – you know, that always raises a question of, you know, equitable tolling means that you knew you were already late, but you can go ahead and file. So it seems an odd rule we would craft where we issue an opinion and then counsel just waits and waits and waits. Why wouldn't, in terms of the equities, you need to file? Because I don't think you filed until about 14 months after Bonner. In terms of our – well, by the way, much of that time, I think it remained in front of the California Supreme Court for about nine months in regard to that length of time. But the only time we could do anything about it was in the five days between January 6th and January 11th. And at that point, Bonner had been pending on bonk for quite a while and still was several months away from being denied. But, you see, the equitable tolling, if you look at the equitable tolling cases as I read them, it's not that that's the only time you could do something about it. You had every day thereafter to do something about it. And when they look at equitable tolling in the cases, they look at the – basically the diligence in moving forward. So it seems odd to say, oh, well, if we didn't do it in five days, then we can just sit on it, because that really pulls the rug out of equity, doesn't it? No. No. I think there's a misunderstanding, because after January – after January 11th, there was nothing I could do about it. Then the statute of limitations had run. So I couldn't file in Federal court. You're right to say that I could have filed in Federal court at any time prior to that, prior to, say, sometime in 2005. Now, the district court placed a lot of the – You could have filed after Pace, for example. Right. Now, the problem with that reasoning is that the procedure in Rines v. Weber that allows us sometimes to do that doesn't allow us to do it in every case, and the district court is not friendly to us doing this. They expect us to show some exceptional circumstance, and my friends in the Attorney General's office are sure to oppose any request for stay in abeyance, and the district court will likely deny it just by saying, Mr. Bonneau, you're arguing that you're timely in the state court. Now you're coming here and telling us that maybe you're not timely? Who knows? Why should we keep this petition and stay in abeyance? We're going to dismiss this. Well, I want to ask, before you run out of time, a question about your theory that somehow you weren't bound to consider Bonner the last word because there was a petition for rehearing Bonk that was pending. What is the authority for saying that a published opinion of the court somehow isn't to be followed or doesn't represent the law unless and until a PFR is ultimately denied? And isn't it sort of effective immediately insofar as diligence is concerned? Each situation is different. It doesn't bind the parties until the mandate issues. That we've cited authority on that. Whether it binds the rest of the world I think depends on the rule that's being stated. Here we have a conflict between Ninth Circuit panel opinions, and the court is evidently taking months to consider the en banc petition. It's reasonable in that situation to feel that we don't have a certain rule. And in that situation, I can almost guarantee the court that the district court would have dismissed a petition that was brought just for stay in abeyance. And once we had done that, we would have disappeared down another rabbit hole, which is that we would then, if we came back, we'd have a successive petition. And we'd have to justify that. And I don't think in terms of equity that that's a fair position to put the petitioner in. I'd like to reserve the rest of my time. You are out of time, but we'll... You owe us. Thank you. Thank you. Be restored equitably. Thank you. We'll hear from Mr. Riley. Good morning. May it please the Court. Justin Riley on behalf of the Warden. Mr. White's sole certified claim on appeal is whether an inadequate State bar under the doctrine of procedural default can bar review of a Federal habeas petition under the statute of limitations. I filed a 28J letter on Zepeda v. Walker. Zepeda v. Walker is dispositive of the claim. And I quote from Zepeda v. Walker. We're familiar with it. Thank you. Should we read the certified question charitably to include the equitable tolling argument or alternatively certify that as well? If this Court is inclined to grant relief on that claim, as I've noted in footnote 5 of my brief, under Federal rule of appellate procedure 22B, we'd like an opportunity to brief the issue. I don't believe that the certificate of appealability even charitably includes equitable tolling. It cites specifically to procedural default principles and then cites a string of cases that do not stand for any proposition under equitable tolling other than maybe Pace v. DeGuglielmo, leaving it an open question as to whether or not it exists. It would be extremely charitable to read a certificate of appealability that way, such that any issue touching on other issues could include those issues as well. But like I said, if this Court is inclined to grant equitable tolling, we'd love an opportunity to brief it. Well, can you tell us briefly orally your position on the merits of that issue? Sure. Excuse me. As this Court is undoubtedly aware, equitable tolling requires diligence. And diligence here would have required Mr. White to act once Pace v. DeGuglielmo had come out. The Supreme Court of the United States spoke on an issue of whether or not something is properly filed. If he indeed was relying on this Court's precedent based upon properly filed, which he hasn't proved he did, then diligence requires him to act once Pace v. DeGuglielmo comes out. Not only did Pace v. DeGuglielmo come out. Bonner v. Cary came out. And Bonner v. Cary removed all doubt that Pace v. DeGuglielmo overruled this Court's precedent on properly filed. Not only did Bonner v. Cary come out, but Bonner v. Cary was final for all purposes, and Mr. White still did not run to the Federal Courthouse, which diligence would have required. Mr. White is arguing, and I'm not quite sure what this five-day window was, but diligence requires a Petitioner to act at all times, as Justice McEwen, Judge McEwen hinted at. And that would be my argument on equitable tolling. Mr. White still had well over six months to file this Federal petition once Bonner v. Cary had come out, once Pace v. DeGuglielmo had come out, and he failed to act. That's not diligence. Unless there are any other questions on equitable tolling, which I'd love to answer, I'd like to focus my attention on White's second Federal habeas claim. The State Superior Court denied this claim at excerpt of the record, page 11. Mr. White makes an argument that his second Federal habeas claim possibly isn't included in the Zepeda v. Walker analysis because he argues that the State court may have found an exception to the timeliness rule there at page 11 of the excerpts of record. But the State Superior Court, in denying this claim, and I'm reading from the second paragraph, full paragraph, although subject to the Robbins, Clark, and Timeliness Bar, it would appear that this is this claim is of a type that arguably meets an exception to that bar, but the Court did not go on to hold that it did meet an exception to the Timeliness Bar. Therefore, the State Superior Court's imposition of the Timeliness Bar on the petition as a whole and this particular claim remains intact. In addition, the State Superior Court found that the exception did not apply. Reading from that same paragraph, the State Superior Court recognized that the exception arguably may be that the error of a constitutional magnitude led to a trial that was so fundamentally unfair that, absent the error, no reasonable judge or jury would have convicted the petitioner. The State Superior Court goes on for the rest of the page and decides that a reasonable jury could have convicted the petitioner. So even if the State Superior Court was seriously considering imposing this bar, the State Superior Court went on to find that the exception did not exist. In any event, because this Court may affirm the district court on any ground supported by the record, the second Federal habeas claim is not cognizable on Federal habeas. What Mr. White is arguing is that his counsel was ineffective on discretionary review in his direct appeal, his petition for review to the California Supreme Court. And as I've cited in my brief and as recognized in Pennsylvania v. Finley, the Supreme Court has clearly held that there is no Federal constitutional right to counsel when pursuing a discretionary appeal on direct review. So the district court properly dismissed the petition for at least two reasons. If there are any other questions, I'd love to answer them. I don't believe so. Thank you. How long was the delay on the – when the Pace rule was accepted in California's time? How long was the delay between then and the filing? Between Pace and the filing? Yeah, when Pace was accepted. I believe Pace was handed down long before Mr. White even started his collateral review. April 2005. April 2005 is definitely the Pace decision. Let me – And Bonner was also 2005, late 2005, I think. Later that year, yes. Let me just – I'm quoting from the – The filing here was in the end of 2006, correct? Yes. From the findings and recommendations at page 22, I think the magistrate found that he started his collateral review November 16, 2005. That's when he started collateral review. Okay. Thank you. Thank you. You may have a minute for rebuttal. The Stagner claim is – has been – we've not reached the merits on that yet. And the state court ruled on the merits and said that it was timely, or it was probably timely.  district court not to address the Stagner claim. As far as the timing between Pace and Bonner and our filings, I agree with that, the dates that have been provided. But if you look at it from the point of view of the petitioner, as we're trying to conform to these – to this changing landscape, there – it would be pointless and fruitless for us to file at any time after January 11th unless we had the benefit of filing. And if we do have the benefit – I'm sorry, the benefit of tolling. If we do have the benefit of tolling, then we're timely now in what we've done. You're telling me that you're rolling the dice if you're going to say, well, maybe they'll file in tolling so I don't have to file. Most petitioners feel they have to file early. It's – they're better off doing that because at least their foot is in the door. Regardless of what the district court does, you still have something in the court of appeals. So I don't know where this argument gets you that you can decide when Bonner is going to be – we're going to consider it as notice. Usually as soon as something's filed, we sort of pay attention to it. I suppose most lawyers do, too. That a petition for rehearing in bank is pending just puts a question mark. But do you have a case that says that a petitioner can play that role and decide they don't need to file any earlier if there's a petition for rehearing in bank pending? The reason that that normal thought process doesn't work in this case is because at the time Bonner was decided, we didn't know. We had – we didn't know that we were going to be deemed untimely. And, in fact, I've cited a case where we'd gone 14 months and weren't found untimely. And this was 13 months. So it seemed that – it seemed to us that we wouldn't be deemed untimely, number one. And, number two, we were still, I think, over a year from the California Supreme Court finally ruling on these habeas claims. The district court would have been loathe to stay and obey this petition. That's not the point. The point is protection. What the district court does, the district court does. But if you – It wouldn't have protected us, though. If the petition were dismissed, it would have made my – it would have multiplied our problems, because then I'd be back here with a late second petition, and it would be a – it would be a successive petition. So I would have filed one – taken one shot early, too early, and then another one too late. And that's the – that's the reality. We – you're right that we do file these regularly early, as early as possible now in light of Bonner. But they are often dismissed. If this had been dismissed, I would be standing here with twice the problems that I have already. And that's why we think it's an equitable – an equitable situation that we shouldn't be in this position. Thank you, counsel. We appreciate the arguments of both counsel, and the case is submitted.
judges: Wallace, Graber, McKeown